IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT L. COLLINS BEY,

                     Plaintiff,                            ORDER

   v.

                                                  22-cv-383-jdp

EILEEN S. GAVIN, *et al.*,

                     Defendants.

Plaintiff Robert L. Collins Bey alleges that prison staff failed to properly treat his broken hand. This order addresses pending nondispositive motions:

**I. Collins Bey's Medical Records and Motions to Compel Discovery**

Collins Bey filed a motion for the court's intervention to hash out the details of the request for medical-record authorization the state defendants sent him, dkt. 34, with Collins Bey arguing that the release was too broad. But soon after, Collins Bey followed with a document stating that the parties ironed out the dispute, that Collins Bey agreed to authorize the release of records, and the state defendants agreed to send him a copy of those records, dkt. 37. However, Collins Bey says that the state defendants did not send him a copy of the medical records they promised him, and he sought an order compelling them to do so. *Id.*

The state defendants responded that they indeed sent Collins Bey his medical records, dkt. 58, but Collins Bey Collins Bey denied that he received those copies and he moved the court to sanction counsel for the state defendants for lying to the court, dkts. 62 and 90. Collins Bey followed by stating that he received copies of virtually all of those records over a month later, but too late for him to respond to either sets of defendants' motions for summary judgment, dkt. 96. Collins Bey also moves to compel production of various other discovery requests he made, *id.*

I will deny Collins Bey's motions to compel production of his medical records as moot because he has received them, except for one part: he states that he did not receive copies of X-rays

taken several times in 2019. I will have the state defendants respond regarding the X-rays, as well as the other discovery requests that Collins Bey states that they did not adequately respond to, *see* dkt. 96. I will deny Collins Bey's motion for sanctions.

Similarly, Collins Bey has filed a motion to compel discovery against defendants Gavin and Wellhart, dkt. 95, for failing to adequately respond to various discovery requests. I will have defendants respond to this motion.

## II. Motions for Sanctions

As stated above, Collins Bey has filed a motion for sanctions against the state defendants for lying about sending him a copy of his medical records, dkt. 62. The state defendants explain that they inadvertently sent the first copy of those records to the wrong address. That isn't a reason to sanction defendants, so I will deny Collins Bey's motion.

Collins Bey also seeks sanctions against defendants Gavin and Wellhart, LLC for failing to send him copies of their summary judgment materials, even after he told them that he did not receive a copy, dkt. 90. I will direct defendants Gavin and Wellhart to respond to this motion, and to immediately send Collins Bey a new copy of their summary judgment materials.

## III. Summary Judgment Motions

Both sets of defendants have filed motions for summary judgment, with the state defendants doing so only after I twice extended their deadline, *see* dkts. 50 and 81. Collins Bey continues to object to the state defendants' filing of their expert report and summary judgment materials in accordance with those rulings, and arguing that their failure to file by the original deadline means that they concede a trial is necessary, dkts. 52, 60, 84, 85, 86. These are really motions for reconsideration of my prior orders extending the deadlines, and I will deny plaintiff's motions: the state defendants adequately showed excusable neglect justifying an extension, *see* Fed. R. Civ. P.

6(b)(1)(B). Collins Bey is not prejudiced by the extensions so long as he receives additional time to respond after receiving the defendants' discovery.

Toward this end, Collins Bey's deadline to respond to defendants' summary judgment motions is extended to April 1, 2024. Defendants' replies are due April 15, 2024. As a result of these extensions, I am striking the rest of the schedule, which the court will reset if necessary after ruling on defendants' motions for summary judgment.

### IV. Recruitment of Counsel

Collins Bey will be expected to respond to defendants' summary judgment motions himself. He has filed a motion for reconsideration of this court's order denying his request for counsel, dkt. 32, but nothing about the circumstances of this case has changed since then, so I will deny his motion. Without seeing the parties' full summary judgment submissions, it is unclear whether the case is genuinely too complex for Collins Bey to handle, and his submissions in this and other cases show that he is generally capable of litigating federal lawsuits on his own.

Collins Bey continues to dispute the factual underpinnings of this court's longstanding position that it is disinclined to recruit counsel for him because he sexually harassed the attorneys the court recruited for him in Case No. 13-cv-618-jdp. The time has long passed for Collins Bey to contest that decision. The court will not recruit counsel for Collins Bey in this case unless it is legally necessary, and that court cannot make that determination until it reviews the parties' summary judgment filings.

ORDER

It is ORDERED that:

(1) Plaintiff Robert L. Collins Bey's motions to compel discovery, dkts. 34, 37, are DENIED as moot.

(2) Plaintiff's motion to sanction the state defendants, dkt. 62, is DENIED.

(3) The state defendants may have until February 9, 2024, to respond to Collins Bey's motions to compel discovery regarding his X-rays and his other discovery requests, dkts. 90 and 96. Plaintiff may have until February 16, 2024, to reply.

(4) Defendants Gavin and Wellhart may have until February 9, 2024, to respond to Collins Bey's motions to compel discovery, dkt. 95, and for sanctions, dkt. 90. Plaintiff may have until February 16, 2024, to reply.

(5) Defendants Gavin and Wellhart are directed to send plaintiff another copy of their summary judgment materials.

(6) Plaintiff's motions for reconsideration of the court's extensions of deadlines, dkts. 52, 60, 84, 85, 86, are DENIED.

(7) Plaintiff's response deadline to the summary judgment motions is extended to April 1, 2024. Defendants' reply deadline is extended to April 15, 2024.

(8) The remainder of the schedule is STRUCK and will be reset if necessary after the court rules on the summary judgment motions.

(9) Plaintiff's renewed motion for recruitment of counsel, dkt. 32, is DENIED without prejudice.

Entered this 30th day of January, 2024.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER